## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## (ORLANDO DIVISION)

ADAM JOHNSON

Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,
UNKNOWN   AGENTS[S]   OF   NCO
FINANCIAL   SYSTEMS,   INC.   and
UNKNOWN   ENTITY   KNOWN   AS
CAPITAL ONE,
Defendants.

Civil Action No. 6:11-cv-770-Orl-18GJK

COMPLAINT AND DEMAND FOR
JURY TRIAL
(Unlawful Debt Collection Practices)

## COMPLAINT

### *I. INTRODUCTION*

1.  This is an action for damages brought by an individual consumer for Defendants'
    violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*
    (hereinafter "FDCPA"), the Florida Consumer Collection Practices Act, §
    559.55-559.785 Florida Statutes ("hereinafter "FCCPA") and for Common Law
    Invasion of Privacy by Intrusion.

### *II. JURISDICTION AND VENUE*

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337,
    and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C.
    § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.
    Venue in this District is proper in that the Defendants transact business here and
    the conduct complained of occurred here.

### *III. PARTIES*

3.  Plaintiff, ADAM JOHNSON, is a natural person residing in Orange County,
    Florida and is a consumer as defined by 15 U.S.C. §1692a(3) and §559.55(2)
    Florida Statutes.

4.  Defendant, NCO FINANCIAL SYSTEMS, INC. ("NCO"), is a corporate debt
    collector engaged in the business of collecting debts in Florida with its principal
    place of business located in Pennsylvania. 15 U.S.C. 1692a(6) and § 559.55(6)

Florida Statutes. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant, UNKNOWN ENTITY KNOWN AS CAPITAL ONE ("Capital One"), is a business entity engaged in the business of extending consumer credit for the purchase of goods and services primarily for personal or household purposes as defined by 15 U.S.C. § 1692a(5) and § 559.55(3) Florida Statutes.

6. At all times relevant, NCO acted as an agent of and debt collector for Capital One. 15 U.S.C. 1692a(6) and § 559.55(6) Florida Statutes.

7. Defendant[s] known as UNKNOWN AGENTS[S] OF NCO FINANCIAL SYSTEMS, INC ("NCO's Agents") are as yet unknown natural persons and business entities who acted as agents of Defendant, NCO, as debt collectors at all times relevant to this complaint. 15 U.S.C. 1692a(6) and § 559.55(6) Florida Statutes.

8. Defendants, NCO and NCO's Agents, are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and the FCCPA, §559.55 Florida Statutes.

## IV. FACTUAL ALLEGATIONS

9. Prior to April, 2010, Plaintiff used a Capital One credit card, account number ending in 4712 for the purchase of goods and services primarily for personal or household purposes as defined by 15 U.S.C. § 1692a(5).

10. In April, 2010, Plaintiff made NCO and NCO's Agents aware that he was represented by the undersigned as legal counsel and provided the contact information. NCO through NCO's Agents responded "we can still call you until you have a case number."

11. Prior to May, 2010, Defendant, Capital One, employed Defendant, NCO, for the purpose of collecting the debt upon account number ending in 4712.

12. Between May 10th and June 9th, 2010, Defendants, NCO and NCO's Agents, telephoned Plaintiff Approximately 5-7 times per day for the purpose of collecting debt based upon Plaintiff's purchases with the aforementioned card. Attached as Exhibit "A" is a spreadsheet of at least 149 calls which is limited in number by the telephone software and hardware.

13. In some of the aforementioned calls Defendants, NCO and NCO's Agents failed to disclose their identity.

14. In the same period, Defendants, NCO and NCO's Agents, repeatedly telephoned Plaintiff at his place of employment despite being told by Plaintiff not to call his cell phone during work hours.

15. In the same period NCO and NCO's Agents, threatened more phone calls if Plaintiff didn't pay the full balance of his debt.

16. In the same period NCO through one of NCO's Agents stated, "if you give me $150.00 I can stop the phone calls."

17. As a result of the acts alleged above, Plaintiff suffered fear of losing his job, sleeplessness, fear of answering the telephone, nervousness, embarrassment when talking to or seeing friends or family, depression, feelings of hopelessness, pessimism, guilt, worthlessness, helplessness, restlessness and irritability.

## V. FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and realleges and incorporates by reference paragraphs one through seventeen above.

19. Defendants violated 15 U.S.C. 1692d(6), e, e(5), e(10), and f. In addition, Defendants', NCO and NCO's Agents, violations include, but are not limited to, the following:

    a. Defendants violated 15 U.S.C. § 1692c(a)(2) by contacting Plaintiff after they knew that Plaintiff was represented by an attorney;

    b. Defendants violated 15 U.S.C. § 1692d by contacting Plaintiff at his place of employment after being told not to call during Plaintiff's work hours;

    c. Defendants violated 15 U.S.C. § 1692d and 1692f by telephoning Plaintiff approximately 5-7 times per day; and

    d. Defendants violated 15 U.S.C. § 1692d and § 1692f by threatening more phone calls if Plaintiff didn't pay the full balance of his debt; and

    e. Defendants violated 15 U.S.C. § 1692d and § 1692f when one of NCO's Agents stated, "if you give me $150.00 I can stop the phone calls."

20. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

    A. Actual damages.

    B. Statutory damages pursuant to 15 U.S.C. § 1692k.

    C. Costs and reasonable attorney fees pursuant to 15 U.S.C.§ 1692k.

### VI. FLORIDA CONSUMER COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

22. Defendants violated the Florida Consumer Collection Practices Act. Defendants' violations of the state Act include, but are not limited to, the following:

    a. Defendants violated § 559.72(18) Florida Statutes by communicating with Plaintiff after they knew that Plaintiff was represented by an attorney;

    b. Defendants violated § 559.72(7) Florida Statutes by telephoning Plaintiff approximately 5-7 times per day; and

    c. Defendants violated § 559.72(8) Florida Statutes by threatening more phone calls if Plaintiff didn't pay the full balance of his debt; and

    d. Defendants violated § 559.72(8) Florida Statutes when one of NCO's Agents stated, "if you give me $150.00 I can stop the phone calls."

23. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24. As a result of the above violations of the FCCPA, Defendants are liable to the Plaintiff for actual damages, statutory damages, and attorney fees and costs.

    WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

    D. Actual damages.

    E. Statutory damages pursuant to 15 U.S.C. § 1692k.

    F. Statutory damages pursuant to §559.77 Florida Statutes.

    G. Costs and reasonable attorney fees pursuant to 15 U.S.C.§ 1692k and §559.77 Florida Statutes.

    H. Such other and further relief as may be just and proper.

### VII. COMMON LAW INVASION OF PRIVACY BY INTRUSION

25. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

26. Defendants, NCO and NCO's Agents, aforementioned violations of the FDCPA and FCCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiffs' life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy in the context of Defendant's invasions, and this expectation was objectively reasonable under the circumstances.

27. NCO was personally guilty of intentional misconduct or gross negligence in training and overseeing its Agents.

28. NCO's Agents were personally guilty of intentional misconduct or gross negligence through their repeated calls and threats.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants, NCO and NCO's Agents for the following:

    A. Actual Damages;
    B. Punitive Damages;
    C. Such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted,

Attorney for Plaintiff
Keith P. Merritt
Merritt Law Office, P.A.
P.O. Box 92412
Lakeland, FL 33805
(863) 683-3333
F: (863) 937-9333